**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IMAGE DENTAL, LLC, individually and on behalf of all others similarly situated,<br><br>    Plaintiff<br><br>v.<br><br>CITIZENS INSURANCE COMPANY OF AMERICA,<br><br>    Defendant | Civil Action No. 1:20-cv-02759<br><br>Judge Steven C. Seeger<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT<br><br>CLASS ACTION |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Image Dental, LLC ("Image"), individually and on behalf of the other members of the below-defined nationwide classes, (collectively the "Class"), brings this class action against Defendant Citizens Insurance Company of America ("Citizens"), and respectfully shows as follows:

## I.    INTRODUCTION

1. Image is the owner and operator of dental offices in the Chicago area. Image has been forced, by recent orders of the State of Illinois, to cease most of its operations as part of the State's efforts to slow the spread of the COVID-19 Pandemic. The State has deemed elective dental work that is not an emergency as "non-essential" and, through various orders, prohibited elective dental procedures. This type of work comprises the vast majority of Image's business.

2. Image purchased business interruption insurance from Citizens Insurance Company of America to protect itself from situations like these, which threaten the existence of Image's livelihood and business. The "Businessowners Coverage Form" in the policy provides

"Business Income" coverage, in which Citizens agrees to pay for loss of "Business Income" due to the necessary "Suspension" of "operations."

3. The "Businessowners Coverage Form" in the policy also provides "Civil Authority" coverage, in which Citizens agrees to pay for loss of income caused by the action of a civil authority that prohibits access to insured premises.

4. The Businessowners Coverage Form also includes "Extra Expense" coverage that provides for additional costs and expenses that are necessary to continue operations after an interruption to business operations has occurred.

5. Citizens is obligated, but has refused, to provide coverage under the policy for losses incurred due to suspension of Image's operations as a result of covered causes of loss.

6. Image timely paid its premiums in exchange for the promised coverage and its claim for coverage has been denied.

7. Upon information and belief, Citizens has, on a wide scale and uniform basis, refused to pay its insureds under its Business Loss, Civil Authority, and Extra Expense provisions. In a letter to Image denying coverage, Citizens' agent stated "Your Business Owners Policy does not extend coverage for the business income due to the Coronavirus. We are not aware of **any** insurance policy that would provide coverage, this is an industry wide standard." (emphasis in original).

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Defendant and at least one Class Member are citizens of different states, and because the Class consists of at least 100 members and the amount in controversy exceeds $5,000,000 exclusive of

interest and costs. Plaintiff is a citizen of Illinois because its sole member is an Illinois citizen, and Defendant is a citizen of Michigan.

9. Venue is proper in this District under 28 U.S.C. § 1391, because Defendant conducts business in this District, Class Members are likely located in this District, and certain of the acts and conduct giving rise to the claims occurred within the District.

### III. PARTIES

10. Plaintiff Image Dental, LLC is a provider of dentistry located at 3020 S. Cicero Ave., Cicero, IL. Image also has offices in Chicago, Summit Argo, and Oakbrook, Illinois. The sole member and Manager of Image Dental, LLC is Dr. Sinan Razzak, a citizen of Illinois who resides in Chicago.

11. Defendant Citizens Insurance Company of America is a corporation with its headquarters located at 808 N. Highlander Way, Howell, Michigan. Citizens is authorized to write, sell, and issue insurance policies providing property and business income coverage in Illinois and throughout the United States.

### IV. FACTUAL ALLEGATIONS

**A. The Citizens policy covers losses due to business interruption, extra expense, and losses caused by the action of civil authorities.**

12. Citizens issued Policy No. OBC-H180952-00 to Image. Upon information and belief, this policy is similar in all material respects to policies issued to other Class Members.

13. In exchange for substantial premiums, Citizens agreed to pay for Image's losses, including losses for Business Income, Extra Expense, and Civil Authority.

14. The policy is an "all risk" policy that covers all "direct physical loss of *or* damage to Covered Property at the premises . . ." (emphasis added).

15. "All risk" policies cover all damage from all sources unless specifically excluded. The policy defines Covered Cause of Loss as "Risks of direct physical loss" unless the loss is excluded.

16. The covered properties for which insurance is provided include 3030 S. Cicero Ave., Cicero, IL; 3346 W. Lawrence Ave., Chicago, IL; 17W679 Roosevelt Rd, Oakbrook, IL; 3003 W. 26th St., Chicago, IL; 7250 S. Cicero Ave., Chicago, IL; 3600 W. Belmont Ave, Chicago, IL; 5836 S. Harlem Ave., Summit Argo, IL.

17. The policy includes Additional Coverages for Business Income, Extra Expenses, and Civil Authority.

18. With respect to Business Income, Citizens "will pay for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration.' The 'suspension' must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss."

19. "Suspension" is defined as "The partial slowdown or complete cessation of your business activities."

20. "Period of restoration" "means the period of time that begins (a) after the number of hours shown as the Business Income Waiting Period in the Declarations after the time of direct physical loss or damage for Business Coverage or (b) Immediately after the time of direct physical loss or damage for Extra Expense Coverage."

21. As alleged herein, "Business Income" is net income that Image and Class Members would have earned or incurred if no physical loss or damage had occurred, and continuing normal operating expenses incurred, including payroll expenses. "Extra Expense" are costs that Image and

4

Class Members incurred during the "period of restoration" of the Covered Property that would not have been incurred if there had been no direct physical loss or damage to the Covered Property.

22. By the Business Income coverage, Citizens agreed to pay for Image's and Class Members' actual losses of business income suffered during the suspension of Image's and Class Members' businesses. Coverage runs through the "Period of Restoration," which is ongoing due to direct physical loss of use of the properties for their usual purposes as a result of government orders.

23. Losses due to governmental orders physically barring Image and Class Members from using their properties as intended, is a physical loss of those properties and is a "Covered Loss" under the policy.

24. Under the policy "Extra Expense means reasonable and necessary expenses you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss of or damage to property caused by or resulting from a Covered Cause of Loss."

25. Extra Expense coverage includes costs incurred to "[a]void or minimize the 'suspension' of business and to continue 'operations' at the described premises or at replacement premises or temporary locations, including relocation expenses and costs to equip and operate the replacement premises or temporary locations; or . . . [m]inimize the 'suspension' of business if you cannot continue 'operations.'"

26. Extra Expense also includes costs "to repair or replace the property, but only to the extent it reduces the amount of loss that otherwise would have been payable under . . . Business Income."

27. Civil Authority coverage under the policy provides added Business Income and Extra Expense coverage when physical loss to property within one mile of Image's premises results in a civil authority prohibiting access to Image's premises.

28. The policy provides payment for "the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur caused by action of civil authority that prohibits access to the described premises."

29. Losses caused by orders issued by local, state, and federal authorities triggered the Business Income, Extra Expense, and Civil Authority provisions of the Citizens policy.

30. Nothing in the policy excludes losses from a pandemic, such as that that caused authorities to issue the orders in question.

**B.     Image Dental and Class Members suffered covered losses due to the COVID-19 Pandemic and the resulting Closure Orders.**

31. On March 11, 2020, the World Health Organization declared that the emerging threat from the novel coronavirus – also known as COVID-19 – constituted a global pandemic.

32. On March 16, the American Dental Association ("ADA") recommended "dentists nationwide postpone elective procedures for the next three weeks." The ADA determined that "Concentrating on emergency dental care will allow us to care for our emergency patients and alleviate the burden that dental emergencies would place on hospital emergency departments."

33. In response to the pandemic, and the spread of the coronavirus in Chicago and throughout Illinois, Illinois Governor Pritzker issued Executive Order 2020-10 on March 20, 2020, ordering all "non-essential" businesses to close and allowing individuals to leave their residence only to perform tasks "essential to their health and safety."

34. The vast majority of Image's practice consists of performing elective dental procedures such as routine prophylaxis and cleaning, and cosmetic procedures that are not considered "essential" under the order.

35. On April 1, the ADA extended its recommendation for dentists to keep their offices closed to all but emergency services "until April 30 at the earliest."

36. On April 6, The Centers for Disease Control issued guidance recommending that dental facilities postpone elective procedures, surgeries, and non-urgent dental visits.

37. On April 20, 2020, the Illinois State Dental Society ("ISDS") wrote to Governor Pritzker detailing losses and damage to dental practices and noting, "[i]n keeping with your 'Stay at Home' Executive Order No. 8, almost 100% of Illinois' dental offices are closed to all but emergency procedures."

38. The ISDS went on to note that polling results showed 18% of dentists would not be able to sustain their practices if the shutdown ended in June, and 46% of dentists responded their practices would not survive if offices remained closed until August.

39. On April 30, Executive Order 2020-32 extended the prohibition on non-essential services until May 29, 2020 (together with other Order 32-10, the "Closure Orders").

40. The Closure Orders resulted in "direct physical loss of" each "Covered Property" under the policy by denying and limiting the use of the Covered Property and causing a suspension of operations during the restoration period. As a result of the Closure Orders, Plaintiff and Class Members were no longer able to access or use their premises for their usual services, and the property was lost to Plaintiff and Class Members.

41. The Closure Orders limit and restrict business hours; require closure of certain businesses altogether; limit services that may be performed; and deny physical use of the property to Plaintiff and Class members.

42. As a result of the Closure Orders, Plaintiff and other Class Members lost business income and incurred extra expense.

43. Image submitted a claim to Citizens. In a letter to Plaintiff denying coverage, Citizens' agent stated "Your Business Owners Policy does not extend coverage for the business income due to the Coronavirus. We are not aware of **any** insurance policy that would provide coverage, this is an industry wide standard. Business or BI is covered within the BOP, but only when it's <u>triggered</u> by a **direct physical loss** to the insured property." (all emphasis in original).

### V. CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated. Plaintiff seeks to represent the following classes of Citizens policyholders for purposes of obtaining declaratory judgment:

45. <u>The "Business Income Class"</u>: All persons and entities with Business Income coverage under an insurance policy issued by Citizens that suffered an interruption of business as a result of Closure Orders affecting the premises covered by the business income coverage.

46. <u>The "Extra Expense Class"</u>: All persons and entities with Extra Expense coverage under a policy issued by Citizens that paid or incurred costs in seeking to minimize the suspension of business in connection with Closure Orders affecting premises covered by their Citizens property insurance policy.

47. <u>The "Civil Authority Class"</u>: All persons and entities with Civil Authority coverage under a policy issued by Citizens that suffered loss of Business Income and/or Extra Expense caused by the action of civil authority.

48. Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members are excluded from each class.

49. Each of the Rule 23 requirements are satisfied here.

50. There is "numerosity" under Rule 23(a)(1) because Class Members are so numerous that joinder is impracticable. On information and belief Class Members consist of hundreds or more of persons and entities across the United States.

51. Class Members are ascertainable because they can be readily identified based on Defendant's records, including insurance policies issued by Defendant and electronic databases maintained by Defendant that identify Class Members by their names, policies, or other personally identifiable information, including their addresses and the Covered Property under their policies.

52. "Commonality" and "predominance" may be established under Rule 23(a)(2) and Rule 23(b)(3) because this action involves common issues of law and fact that determine coverage under the policies at issue here. Such questions include, but are not limited to:

- Whether Plaintiff and Class Members paid premiums in exchange for all-risk property policies containing Business Income, Extra Expense, and Civil Authority coverage;

- Whether Class Members suffered a covered loss based on the Business Income, Extra Expense, or Civil Authority coverage;

9

- Whether Closure Orders triggered a covered loss under the Business Income, Extra Expense, or Civil Authority coverage;

- Whether Defendant improperly denied claims for coverage under the Business Income, Extra Expense, or Civil Authority coverage based on the position these provisions do not cover Closure Orders;

- Whether Defendant breached its obligations under insurance policies with Business Income, Extra Expense, or Civil Authority coverage by denying claims en masse;

- Whether Plaintiff and Class Members are entitled to a declaratory judgment that Closure Orders trigger coverage under Business Income, Extra Expense, or Civil Authority coverage; and

- Whether Plaintiff and Class Members are entitled to attorneys' fees, court costs, and other costs incurred in prosecuting this class action litigation.

53. Plaintiff's claims are typical of other Class Members' claims for purposes of Rule 23(a)(3) because, on information and belief, Defendant has issued blanket denials of coverage based on a uniform policy to not pay out claims for COVID-19 related Closure Orders and related claims for Business Income, Extra Expense, or Civil Authority coverage. Plaintiff's injuries, like those of other Class Members, are caused directly by these denials of coverage.

54. Plaintiff is an adequate class member under Rule 23(a)(4) because Plaintiff's interests are aligned with those of other Class Members. Plaintiff has retained counsel experienced in class action litigation, and insurance recovery. Plaintiff is willing, ready, and able to prosecute this action against Defendant on behalf of other policyholders.

55. For purposes of Rule 23(b)(1) and Rule 23(b)(3), maintaining a class action is superior to individual litigation of Business Income, Extra Expense, or Civil Authority coverage

because of the inherent risk of inconsistent results on common factual and legal issues that arise from common facts. These coverage issues and Defendant's position with respect to COVID-19 should be determined on a representative basis to achieve efficiency and finality. Individual litigation will only result in delay and differing legal standards applying to the same challenged conduct.

56. For purposes of Rule 23(b)(2), Defendant's actions are equally applicable to Plaintiff and Class Members such that the wrongdoing may be addressed by declaratory relief, including a declaratory judgment concerning coverage under Business Income, Extra Expense, or Civil Authority coverage relating to COVID-19.

## VI. LEGAL CLAIMS

### COUNT I: DECLARATORY JUDGMENT
### (On Behalf of the Business Interruption Class)

Plaintiff incorporates and re-alleges the allegations in Paragraphs 1-56.

57. The Citizens policy is an insurance contract under which Image and Class Members paid premiums in exchange for Citizens' promise to pay claims for losses covered by the policy, including but not limited to losses of business income.

58. Image and Class Members complied with all applicable provisions of the Citizens policy, including payment of premiums.

59. Citizens has arbitrarily and without justification refused to reimburse Image and Class Members for any losses incurred in connection with the covered losses related to the Closure Orders and the resulting suspension of business.

60. Citizens has denied claims for business interruption on a uniform and class wide basis, stating it is "not aware of **any** insurance policy that would provide coverage" and that such denial was an "industry wide standard." As such, the Court can effectively issue a declaratory

11

judgment that would give all Class Members relief in determining their rights with respect to Business Income coverage in their Citizens policies.

61. An actual controversy exists between the rights of Image and other Class Members and Citizens' obligations under the policy to reimburse Image and Class Members for the full amount of losses incurred by Image and Class Members in connection with Closure Orders and damage caused by the suspension of their operations.

62. Image and other Class Members are entitled to a declaratory judgment under 28 U.S.C. § 2201 that:

(a) For purposes of Business Income coverage, Image's and the other Class Members' losses incurred in connection with necessary interruption of their businesses due to Closure Orders are insured losses under the policy;

(b) Citizens has waived any right it may have had to assert defenses to coverage or otherwise seek to bar or limit coverage for Image's and Class Members' losses by issuing a blanket denial, through its agent, without conducting an investigation as required under Illinois law;

(c) Citizens is obligated to pay Image and other Class Members for the full amount of the losses incurred and to be incurred for Business Income Coverage.

### COUNT II: DECLARATORY JUDGMENT
### (On Behalf of the Civil Authority Class)

Plaintiff incorporates and re-alleges the allegations in Paragraphs 1-56.

63. The Citizens policy is an insurance contract under which Image and Class Members paid premiums in exchange for Citizens' promise to pay claims for losses covered by the policy, including but not limited to losses due to Civil Authority Actions.

64. Image and Class Members complied with all applicable provisions of the Citizens policy, including payment of premiums.

65. Citizens has arbitrarily and without justification refused to reimburse Image and Class Members for any losses incurred in connection with the covered losses related to the Closure Orders and the resulting suspension of business.

66. Citizens has denied claims for business interruption on a uniform and class wide basis, stating it is "not aware of **any** insurance policy that would provide coverage" and that such denial was an "industry wide standard." As such, the Court can effectively issue a declaratory judgment that would give all Class Members relief in determining their rights with respect to Business Income coverage in their Citizens policies.

67. An actual controversy exists between the rights of Image and other Class Members and Citizens' obligations under the policy to reimburse Image and Class Members for the full amount of losses incurred by Image and Class Members in connection with Closure Orders and damage caused by the suspension of their operations.

68. Image and other Class Members are entitled to a declaratory judgment under 28 U.S.C. § 2201 that:

(a) For purposes of Civil Authority Coverage, Image's and the other Class Members' losses incurred in connection with necessary interruption of their businesses due to Closure Orders are insured losses under the policy;

(b) Citizens has waived any right it may have had to assert defenses to coverage or otherwise seek to bar or limit coverage for Image's and Class Members' losses by issuing a blanket denial, through its agent, without conducting an investigation as required under Illinois law;

(c) Citizens is obligated to pay Image and other Class Members for the full amount of the losses incurred and to be incurred for Civil Authority Coverage.

### COUNT III: DECLARATORY JUDGMENT
### (On Behalf of the Extra Expense Class)

Plaintiff incorporates and re-alleges the allegations in Paragraphs 1-56.

69. The Citizens policy is an insurance contract under which Image and Class Members paid premiums in exchange for Citizens' promise to pay claims for losses covered by the policy, including but not limited to losses due to Extra Expense.

70. Image and Class Members complied with all applicable provisions of the Citizens policy, including payment of premiums.

71. Citizens has arbitrarily and without justification refused to reimburse Image and Class Members for any losses incurred in connection with the covered losses related to the Closure Orders and the resulting suspension of business.

72. Citizens has denied claims for business interruption on a uniform and class-wide basis, stating it is "not aware of **any** insurance policy that would provide coverage" and that such denial was an "industry wide standard." As such, the Court can effectively issue a declaratory judgment that would give all Class Members relief in determining their rights with respect to Business Income coverage in their Citizens policies.

73. An actual controversy exists between the rights of Image and other Class Members and Citizens' obligations under the policy to reimburse Image and Class Members for the full amount of losses incurred by Image and Class Members in connection with Closure Orders and damage caused by the suspension of their operations.

74. Image and other Class Members are entitled to a declaratory judgment under 28 U.S.C. § 2201 that:

(a) For purposes of Extra Expense Coverage, Image's and the other Class Members' losses incurred in connection with necessary interruption of their businesses due to Closure Orders are insured losses under the policy;

(b) Citizens has waived any right it may have had to assert defenses to coverage or otherwise seek to bar or limit coverage for Image's and other Class Members' losses by issuing a blanket denial, through its agent, without conducting an investigation as required under Illinois law;

(c) Citizens is obligated to pay Image and other Class Members for the full amount of the losses incurred and to be incurred for Extra Expense Coverage.

## VII.  REQUEST FOR RELIEF

75. Plaintiff Image Dental, LLC, individually and behalf of other Class Members, respectfully requests that the Court:

   a. Enter declaratory judgment in their favor on all Counts;

   b. Certify the proposed nationwide Classes, appoint Plaintiff as representative of the Class, and designate Plaintiff's counsel as counsel for the Class;

   c. Enter a judgment in favor of Image and the Class against Citizens in an amount equal to all attorneys' fees and related costs incurred for the prosecution of this coverage action against Citizens, pursuant to 215 ILCS 5/155, in an amount to be determined at the conclusion of this action;

   d. Award pre-judgment and post-judgment interest;

   e. Order such other and further relief as may be just and proper.

## VIII.  JURY DEMAND

76. Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: May 15, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Michael M. Mulder*

Michael M. Mulder
Elena N. Liveris
THE LAW OFFICES OF MICHAEL M. MULDER
1603 Orrington Avenue, Suite 600
Evanston, Illinois 60201
Telephone: (312) 263-0272
mmmulder@mmulderlaw.com
eliveris@mmulderlaw.com

Todd M. Schneider (*pro hac vice* forthcoming)
Joshua G. Konecky (*pro hac vice* forthcoming)
Matthew S. Weiler (*pro hac vice* forthcoming)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
tschneider@schneiderwallace.com
jkonekcy@schneiderwallace.com
mweiler@schneiderwallace.com

Peter B. Schneider (*pro hac vice* forthcoming)
Edward R. Batten (*pro hac vice* forthcoming)
Ryan R. Hicks (*pro hac vice* forthcoming)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
pschneider@schneiderwallace.com
ebatten@schneiderwallace.com
rhicks@schneiderwallace.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing First Amended Class Action Complaint is being served in accordance with the Federal Rules of Civil Procedure and Local Rules via ECF on May 15, 2020.

                                                                                                    */s/ Michael M. Mulder*